# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELBERT A. MERRITT,<br><br>        Petitioner,<br><br>   v.<br><br>JAMES D. HARTLEY,<br><br>        Respondent. | 1:11-cv-00404-SMS (HC)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO STATE A COGNIZABLE CLAIM, DIRECTING CLERK OF COURT TO TERMINATE ACTION, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>[Doc. 1] |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge. Local Rule 305(b).

Petitioner filed the instant petition for writ of habeas corpus on March 9, 2011.

## DISCUSSION

A.    Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not

///

1 be dismissed without leave to amend unless it appears that no tenable claim for relief can be
2 pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

3 B.         Failure to State a Cognizable Claim

4        In the instant petition, Petitioner raises the single claim that he was denied his right to
5 counsel during the presentence probation officer's interview.

6        The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241
7 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner
8 unless he is "in custody in violation of the Constitution."  28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added).  See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

       Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

       The Sixth Amendment right to counsel guarantees a defendant assistance of counsel when confronted by "prosecutorial forces."  Therefore, a defendant is only guaranteed counsel during adversarial and critical stages of the proceedings.  United States v. Johnson, 935 F.2d 47, 50 (4th Cir. 1991); United States v. Benlian, 63 F.3d 824, 827 (9th Cir. 1995).  A probation officer is not an agent of the prosecution, but is a neutral, information-gathering agent or arm of the court.  See United States v. Herrera-Figueroa, 918 F.2d 1430, 1434 (9th Cir. 1990).  Thus, there is no Sixth Amendment right to counsel during the presentence interview by a probation officer.  See

Hoffman v. Arave, 236 F.3d 523, 537-538 (9th Cir. 2001) (routine presentence interview does not involve a critical stage of the adversary proceedings to invoke right to counsel).

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The instant petition for writ of habeas corpus is DISMISSED for failure to state a cognizable federal claim;

2. The Clerk of Court is directed to terminate this action; and

3. The court declines to issue a Certificate of Appealability. 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (in order to obtain a COA, petitioner must show: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). In the present case, the Court does not find that jurists of reason would not find it debatable whether the petition was properly for failure to state a cognizable claim under 28 U.S.C. § 2244(d). Petitioner has not made the required substantial showing of the denial of a constitutional right.

IT IS SO ORDERED.

**Dated:   March 25, 2011**             /s/ Sandra M. Snyder
                                   UNITED STATES MAGISTRATE JUDGE